Weldon, J.,
delivered tbe opinion of tbe court:
On the 17th of March, 1883, tbe claimants brought suit to recover from tbe defendants tbe sum of $14,746.83, due, as tbey alleged, for certain work done on tbe streets of Washington in tbe year 1875. In that proceeding tbey recovered tbe sum of $7,385.60, as will appear from tbe findings, on 36,928 yards of concrete pavement, at tbe rate of $3.20 per yard. (20 C. Cls. R., 381.) For 36,813 yards embraced in tbe contracts upon wbicb tbe suit was brought claimants recovered nothing, tbe court bolding that for that amount of work $3 per yard was tbe measure of their compensation, wbicb bad been paid by tbe defendant. No appeal was taken by either party, and tbe judgment was settled pursuant to tbe order of tbe court. On February 13, 1895, Congress passed an act as follows:
“An act to amend an act entitled ‘An act to provide for tbe settlement of all outstanding claims against tbe District of *470 Columbia, and conferring jurisdiction on the Court of Claims to hear the same, and for other purposes,’ approved June sixteenth, eighteen hundred and eighty.
“Be it enacted, &c., That in the adjudication of claims brought under the provisions of the act entitled ‘An act to provide for the settlement of all outstanding claims against the District of Columbia, and conferring jurisdiction ou the Court of Claims to hear the same, and for other purposes,’ approved the sixteenth of June, eighteen hundred and eighty (Twenty-first Statutes at Large, page two hundred and eighty-four), the Court of Claims shall allow the rates established and paid by the board of public works ; and whenever said rates have not been allowed, the claimant or his personal representative shall be entitled, on motion made within sixty days after the passage of this act, to a new trial of such cause.” (28 Stat. L., p. 664.)
In pursuance of the provisions of said law the claimants, on the 12th of April, 1895, filed a motion for a new trial, as follows:
“And now come the claimants, Henry L. Cranford and Lind-ley M. Hoffman, and suggest to the court that it appears by the record in this case that the above-entitled suit was instituted under the act of Congress entitled ‘An act to provide for the settlement of all outstanding claims against the District of Columbia,’ &c., approved June sixteenth, eighteen hundred and eighty, to recover from the defendants the sum of fourteen thousand seven hundred and forty-eight and twenty one hundredths dollars, being twenty cents per square yard for laying for said District seventy-three thousand seven hundred and forty-one square yards of concrete or vulcanite pavement; that prior to the institution of said suit they had been paid three dollars per square yard therefor, but were entitled to receive three dollars and twenty cents per square yard, being the price theretofore established and paid for similar work by the late board of public works of the said District, commonly called ‘board rates,’ and that by the judgment of this honorable court entered iu this cause on the first day of June, eighteen hundred and eighty-five, they were allowed the sum of seven thousand three hundred and eighty-five and sixty one-hundredths dollars, being twenty cents per square yard for thirty-six thousand nine hundred and twenty square yards of said work, but were denied the right to recover the said twenty cents per square yard for the remaining thirty-six thousand eight hundred and thirteen square yards of said work.
“Claimants further show to the court that by virtue of the act of Congress approved February thirteenth, eighteen hundred and ninety-five, they are entitled to recover the rates established and paid by the board of public works for such work, to wit, at the rate or price of three and twenty one-hun-. *471 dreclths dollars per square yard for the residue of said work, to wit, thirty-six thousand eight hundred and thirteen square yards upon which claimants in said suit have received only three dollars per square foot [yard].
“Claimants therefore pray that a new trial of said case be granted, and that upon such new trial they may be granted judgment against the said defendant for the additional sum of seven thousand three hundred and sixty-two and sixty one-hundreths dollars, with interest thereon from the first day of January, eighteen hundred and seventy-six, until jiaid, as by said act of Congress and the facts appearing in the record of said cause they are entitled.”
The motion was allowed on the 15th of April, 1895. In the former trial the court excluded from the j udgment any recovery upon the contracts entered into after the 28th of September, 1875, for reasons assigned in the opinion, and because of such exclusion the claimants in this proceeding ask a judgment upon the authority of the act of February, 1895, for the amount so excluded.
Under said act it is made the duty of the court to grant a new trial upon the application of the “claimant or his personal representative” if made within sixty days from the passage of the law. The motion in this case was made within the prescribed time, and a new trial was granted.
Under the statute it is made the duty of the court to allow the “rates established and paid by the board of public works.”
In the first trial of the cause the court held that for contracts entered into after the 28th of September, 1875, a recovery could be had only to the extent of $3, and in the conclusion of the court $3 was allowed in contracts let after that time. It will be seen by the following extract from the opinion why the court distinguished between contracts let before and after said date:
“Having ascertained and determined the meaning of the contract as to compensation, it by no means follows that the measure of such compensation is continuous and commensurate with the time and scope of the agreements. It is true that the terms expressed in the contract were the same before, at, and after the disagreement and dispute of the parties on the 28th of September, but their acts, while they do not change the terms of their agreement, may in law affect their interests, increasing or diminishing the responsibility and liability of the parties.
“ The officers of the District said to the claimants at the first estimate under the contracts let before that time, ‘We will *472 only pay you $3 per yard;’ and while the claimants disagreed to that construction, so as to save vested rights, they afterward made agreements, commenced and finished similar work under other contracts with the District, without objection or protest, thereby in effect acquiescing in the construction of the engineer as to the compensation to be paid after said date.
“ It does not appear that they objected after the 28th of September, and their silence might, we have no doubt was, accepted by the officers of the defendant as an agreement on their part to do the work at $3 per yard.
“We do not, by the distinction we make in the time antecedent and subsequent to the 28th of September, construe the contract as meaning one thing before said date and another after that time; but predicate the difference in compensation upon the ground that the claimants, under the facts and circumstances, are estopped from claiming for contracts let after the disagreement more than $3.”
At the time of the decision on this claim the question of the compensation of the contractors as to the contract and board rates was not a new one, as it had been decided in the case of Taylor v. District of Columbia (17 C. Cls. R.., 367), in which it is said:
“Where the District Commissioners agreed to pay for work the price previously ‘paid by the board of public works,’ the contractor is not limited to the price fixed by the order of the board of public works appearing on its minutes, but is entitled to the price actually paid by the board. * * * An order of the former board of public works fixing the price to be paid for concrete pavement was simply a rule for its own government, and could not by the mere force of its adoption bind a contractor.”
It is insisted by the defendant that the order embraced in the minutes of the board as shown in finding x is the price “established and paid” by the board of public works. The same finding in substance was in the case of Taylor, and the reasoning of the court in that case was applicable to that finding. In the former trial the court in the opinion refers to the case of Taylor and adopts its construction of the effect of finding x in connection with other findings in the case. The court held in the first trial of this case that the parties were estopped from claiming $3.20 for pavement laid after the 28th of September, because they had acquiesced in the construction of the agreements as contended for by the defendant.
The third finding shows that the price established and paid by the board of public works for concrete pavement was *473 $3.20 per square yard, including 2 feet of grading. This was tlie customary price contracted for and paid by the board of public works. The substance of this finding is embraced in the fifth finding in the Taylor Case, and upon the faith of that finding the court predicated its iudgment in the Taylor Case, and in the former trial of this case the court gave a judgment for a part of the work on substantially the same finding. The court is not now called upon to enter into a discussion of the law presented by the facts, as no new questions have arisen. We are only required to apply the statute granting a new trial in the measurement of the compensation of claimants, and determining as we do in the third finding that the price established and paid was $3.20 we are of the opinion that the claimant is entitled to recover the sum of $7,362, due and payable as of the 1st of January, 1876.